|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | DISTRICT OF NEVADA | |

| | |
|---|---|
| Pharmaplast S.A.E., | 2:15-cv-002432-JAD-PAL |
| Plaintiff | **Order Setting Aside Defaults and Denying Motions for Default Judgment as Moot or Premature** |
| v. | |
| Zeus Medical Holdings, LLC, et al., | [ECF 20, 21, 22, 23, 24] |
| Defendants | |

Pharmaplast S.A.E. sues dissolved limited-liability company Zeus Medical Holdings, LLC and its managing members Robert Daniels, Mark Bolling, and Daniel Mulvany, for damages Pharmaplast claims it suffered from Zeus's breach of a purchase agreement and related wrongs.[1]  Mulvany,[2] Bolling,[3] and Daniels[4] were served on January 6th, 9th, and 26th, respectively, and plaintiff sought and received Clerk's entries of default against each of them on February 4th, 5th, and 29th.[5]  These individual defendants now move to set aside those defaults, and Pharmaplast moves for default judgments against them.  Because these defendants have shown good cause to set aside the defaults, I grant their motion, set aside the defaults against them, and deny Pharmaplast's related motions for default judgment as moot.  I also deny Pharmaplast's request for default judgment against Zeus as premature due to the interrelatedness of the claims in this case.

---

[1] ECF 1.

[2] ECF 10, 13.

[3] ECF 14-1, 15.

[4] ECF 16-1, 18.

[5] The Clerk also entered default against Zeus on February 29, 2016, *see* ECF 19, but Zeus has not moved to set it aside.

**Discussion**

**A.     The defaults against the individual defendants**

Federal Rule of Civil Procedure 55 provides a mechanism for obtaining a default judgment against a party who has failed to plead or otherwise respond to claims brought against it. Where this failure is "shown by affidavit or otherwise," the clerk must enter that party's default under FRCP 55(a). "The court may set aside an entry of default for good cause."[6] "Good cause" turns on three factors: (a) whether the defaulting party engaged in culpable conduct that led to the default, (b) whether there is a meritorious defense, and (c) whether reopening the case would cause prejudice to the plaintiff.[7] This test is disjunctive, and proof of any of these three factors may justify setting aside the default.[8] Overarching all of these factors is the Ninth Circuit's stated policy favoring adjudication of disputes on their merits,[9] with all doubts resolved in favor of setting aside the default.[10]

Mulvany, Bolling, and Daniels attest that they live out of state and that they had difficulty retaining counsel within the time allotted for their answer.[11] Mulvany contacted Pharmaplast's attorney, explained their predicament, and requested a 30-day extension on their behalf.[12] But Pharmaplast's attorney apparently did not grant that request; instead he proceeded to obtain defaults against all the defendants.

It appears that the individual defendants made a good-faith effort to obtain a reasonable extension of time, and they did not engage in culpable conduct that led to the default. And,

---

[6] *Id.* at 55(c).

[7] *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

[8] *See Brandt v. Amer. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011).

[9] *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

[10] *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974).

[11] ECF 20 at 3, 5–7, 9.

[12] *Id.*

although it is too early to know whether they have a meritorious defense, they have retained counsel and demonstrated their intention of defending against these claims. I also do not find that setting aside the defaults against them would prejudice the plaintiff. Accordingly, I find good cause to set aside the defaults against Mulvany, Bolling, and Daniels.[13] I thus deny Pharmaplast's motions for default judgment against these individual defendants[14] as moot.

**B.   The default against Zeus**

I also deny the motion for default judgment against Zeus[15] as premature. Although Zeus has not sought to set aside the default entered against it, the Ninth Circuit follows the time-honored *Frow* doctrine for considering whether to enter a default judgment against a single defaulting defendant in a multi-defendant case. The doctrine recognizes that, "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."[16] The Ninth Circuit extends this doctrine to cases in which the co-defendants are "similarly situated" and defense of the claims will hinge on the same legal theory because "it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action."[17]

This is precisely such a case. Pharmaplast seeks relief against all defendants collectively, for jointly undertaken actions, and based primarily on unity-of-interest theories. It alleges that "Zeus is, and at all times herein mentioned was, the alter ego of" all three individual defendants and "there exists a unity of interest and ownership between Zeus" and these defendants "such

---

[13] ECF 13, 15, 18.

[14] ECF 22, 23, 24.

[15] ECF 21.

[16] *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

[17] *Geramendi v. Henin*, 683 F.3d 1069, 1082–83 (9th Cir. 2012) (quotation omitted).

that any separateness between them has ceased to exist."[18] The *Frow* doctrine thus cautions against entering a default judgment against Zeus while its management co-defendants continue to actively defend these jointly targeted claims. For this reason, I deny Pharmaplast's motion for a default judgment against Zeus without prejudice to Pharmaplast's ability to reurge this request after the claims against the individual defendants have been resolved.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the motion to set aside the defaults against Mark Bolling, Robert Daniels, and Daniel Mulvany **[ECF 20] is GRANTED**; the Clerk of Court is instructed to **set aside the defaults [ECF 13, 15, 18]** against these defendants. They must answer or otherwise respond to the complaint by March 21, 2016.

Because the defaults against the individual defendants have been set aside, IT IS FURTHER ORDERED that plaintiff's motions for default judgment against them **[ECF 22, 23, 24] are DENIED** as moot.

Finally, plaintiff's motion for default judgment against Zeus Medical Holdings, LLC **[ECF 21] is DENIED** as premature and without prejudice.

Dated March 10, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[18] ECF 1 at ¶ 11.